**YU | MOHANDESI, LLP**

**Brett B. Goodman** (SBN 260899)
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
858.757.7262 Direct
213.377.5501 Facsimile
bgoodman@yumollp.com

Attorney for Defendant
Columbia Debt Recovery, LLC
d/b/a Genesis

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLORENCE ASSALIT,<br><br>Plaintiff,<br><br>vs.<br><br>AIR COMMUNIITIES; COLUMBIA DEBT RECOVERY, LLC DBA GENESIS,<br><br>Defendants. | CASE NO.: 5:26-cv-05305-EKL<br><br>**DEFENDANT COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FLORENCE ASSALIT'S COMPLAINT**<br><br>Assigned to Hon. Eumi K. Lee |

Defendant Columbia Debt Recovery LLC d/b/a Genesis ("Genesis") states and alleges as follows for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Florence Assalit ("Plaintiff").

**Nature of the Action**

1. As to Paragraph 1, Genesis admits only that the Complaint purports to state claims arising under the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Gensis denies that it violated the FDCPA, RFDCPA, or any other law.

**Parties**

2. As to Paragraph 2, Genesis admits only that Plaintiff is a natural person. Genesis lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and therefore denies same.

3. Paragraph 3 states a legal conclusion to which Genesis is under no known obligation to respond. To the extent a further response is required, Genesis denies for lack of sufficient knowledge or information.

4. Paragraph 4 states a legal conclusion to which Genesis is under no known obligation to respond. To the extent a further response is required, Genesis denies for lack of sufficient knowledge or information.

5. As to Paragraph 5, Genesis admits that Columbia Debt Recovery LLC is an LLC headquartered in Everett, Washington.

6. Paragraph 6 states a legal conclusion and refers to the contents of a written statute. Genesis denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with said statute.

7. Paragraph 7 states a legal conclusion and refers to the contents of a written statute. Genesis denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with said statute.

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

8. As to Paragraph 8, which does not concern Genesis, Genesis lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein and therefore denies same.

9. As to Paragraph 9, which does not concern Genesis, Genesis lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein and therefore denies same.

10. As to Paragraph 10, which vaguely and ambiguously refers to both Defendants without distinction and to unidentified "agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers," which are vaguely and ambiguously attributed to both Defendants without distinction, Genesis denies for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Jurisdiction and Venue**

11. As to Paragraph 11, Genesis admits only that this Court has jurisdiction under 28 U.S.C. § 1331 if and to the extent that the Complaint states a federal question.

12. As to Paragraph 12, Genesis does not dispute that venue is proper in this District.

**Factual Allegations**

13. As to Paragraph 13, Genesis denies the allegations that relate to Genesis and puts Plaintiff to the strictest proof. Genesis lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted, which do not concern Genesis, and therefore denies.

14. As to Paragraph 14, Genesis denies that it engaged in any unlawful debt collection practices or activities and puts Plaintiff to the strictest proof. Genesis admits only that it engaged in lawful attempts to collect a debt related to a deposit for an

apartment. Genesis lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and therefore denies.

15. As to Paragraph 15, which does not concern Genesis, Genesis lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

16. As to Paragraph 16, which does not concern Genesis, Genesis lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

17. As to Paragraph 17, which does not concern Genesis, Genesis lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

18. Paragraph 18 refers to the contents of a written document. Genesis denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with said document.

19. Paragraph 19 refers to the contents of a written document. Genesis denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with said document.

20. As to Paragraph 20, Genesis admits only that it received a dispute from Plaintiff on or about March 18, 2026. Genesis lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted and therefore denies the same.

21. Paragraph 21 refers to the contents of a written document. Genesis denies the allegations to the extent that they misstate, mischaracterize, or are otherwise inconsistent with said document.

22. As to Paragraph 22, Genesis admits only that it lawfully furnished information regarding the account at issue to one or more consumer reporting agencies. Genesis lacks knowledge or information sufficient to form a belief as to the

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

truth of the remaining matters asserted and therefore denies the same.

23. As to Paragraph 23, Genesis denies and puts Plaintiff to the strictest proof.

24. As to Paragraph 24, which is vague and ambiguous as to "Defendants' joint debt collection activity," Genesis denies and puts Plaintiff to the strictest proof.

25. As to Paragraph 25, which vaguely and ambiguously attributes damages to the actions or inactions of both Defendants without distinction, Genesis denies and puts Plaintiff to the strictest proof.

**COUNT I – Alleged Violation of the FDCPA (Genesis)**

26. As to Paragraph 26, Genesis restates and incorporates by reference its responses to Paragraphs 1 through 25 above as though fully set forth herein.

27. As to Paragraph 27, Genesis denies and puts Plaintiff to the strictest proof.

28. As to Paragraph 28, Genesis denies and puts Plaintiff to the strictest proof.

29. As to Paragraph 29, Genesis denies and puts Plaintiff to the strictest proof.

30. As to Paragraph 30, Genesis denies and puts Plaintiff to the strictest proof.

31. As to Paragraph 31, Genesis denies and puts Plaintiff to the strictest proof.

32. As to Paragraph 32, Genesis denies and puts Plaintiff to the strictest proof.

33. As to Paragraph 33, Genesis denies and puts Plaintiff to the strictest proof.

34. As to Paragraph 34, Genesis denies and puts Plaintiff to the strictest proof.

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

35. As to Paragraph 35, Genesis denies and puts Plaintiff to the strictest proof.

36. As to Paragraph 36, Genesis denies and puts Plaintiff to the strictest proof.

37. As to Paragraph 37, Genesis denies and puts Plaintiff to the strictest proof.

**COUNT II – Alleged Violation of the RFDCPA (Air Communities, Inc.)**

38. As to Paragraph 38, Genesis restates and incorporates by reference its responses to Paragraphs 1 through 25 above as though fully set forth herein.

39. As to Paragraph 39, which does not concern Genesis, Genesis lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies.

40. As to Paragraph 40, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

41. As to Paragraph 41, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

42. As to Paragraph 42, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

43. As to Paragraph 43, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

44. As to Paragraph 44, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

45. As to Paragraph 45, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

46. As to Paragraph 46, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

47. As to Paragraph 47, which does not concern Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

48. As to Paragraph 48, which vaguely and ambiguously refers to "Defendant," to the extent that any allegation is made against Genesis, Genesis denies and puts Plaintiff to the strictest proof. To the extent that the allegations in this

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

paragraph do not relate to Genesis, Genesis lacks knowledge or information sufficient for form a belief as to the truth of the matters asserted and therefore denies.

## RESPONSE TO PRAYER FOR RELIEF

Genesis denies that Plaintiff is entitled to any of the relief requested in the Complaint's Prayer for Relief, including subparts (a) through (f), or to any relief whatsoever as against Genesis.

## RESPONSE TO JURY TRIAL DEMAND

Genesis admis that Plaintiff has demanded a jury trial on issues so triable.

## AFFIRMATIVE DEFENSES

Genesis asserts the following affirmative defenses.

1. The Complaint, and each purported cause of action therein, fails to state a claim against Genesis upon which relief may be granted.

2. Any violation of the FDCPA or RFDCPA alleged in the Complaint, which Genesis denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Plaintiff has not suffered a concrete, particularized injury-in-fact fairly traceable to any act or omission of Genesis.

4. Any injury or damage alleged by Plaintiff was caused, in whole or in part, by the acts or omissions of third parties over whom Genesis had no control and for whom Genesis is not responsible.

5. Plaintiff's own conduct contributed to, or was the proximate cause of, any damages alleged, thereby barring or reducing any recovery against Genesis.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

7. Plaintiff failed to take reasonable steps to mitigate any damages allegedly incurred.

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

Genesis reserves the right to assert additional affirmative defenses that become known through discovery or further investigation, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Columbia Debt Recovery LLC dba Genesis respectfully requests that this Court:

a. Enter judgment in favor of Genesis and against Plaintiff on all claims asserted in the Complaint;

b. Dismiss the Complaint against Genesis with prejudice; and

c. Grant such other and further relief as the Court deems just and proper.

Dated: July 30, 2026

**YU | MOHANDESI LLP**

By: */s/ Brett B. Goodman*
Brett B. Goodman
Attorney for Defendant
Columbia Debt Recovery, LLC
d/b/a Genesis

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

**CERTIFICATE OF SERVICE**

I certify that on July 30, 2026, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: July 30, 2026

By: _/s/ Brett B. Goodman_
Brett B. Goodman

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071