**YU | MOHANDESI, LLP**

**Brett B. Goodman** (SBN 260899)
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
858.757.7262 Direct
213.377.5501 Facsimile
bgoodman@yumollp.com

Attorney for Defendant
Columbia Debt Recovery, LLC
dba Genesis

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLORENCE ASSALIT,<br><br>Plaintiff,<br><br>vs.<br><br>AIR COMMUNICITIES; COLUMBIA DEBT RECOVERY, LLC DBA GENESIS,<br><br>Defendants. | CASE NO.: 5:26-cv-05305-EKL<br><br>**DEFENDANT COLUMBIA DEBT RECOVERY LLC DBA GENESIS'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 16, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 7<br>280 South 1st Street<br>San Jose, CA 95113<br><br>Assigned to Hon. Eumi K. Lee |

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1
II. STATEMENT OF ISSUES TO BE DECIDED ..... 2
III. BACKGROUND ..... 2
IV. LEGAL STANDARD ..... 3
V. ARGUMENT ..... 5
1. PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE HER FDCPA CLAIM ..... 5
A. The Complaint's Damages Allegations Establish No Concrete Injury ..... 6
B. The Emotional-Distress Allegation Is Incommensurate with the Alleged Conduct ..... 7
C. Plaintiff Alleges No Third-Party Dissemination of the Tradeline ..... 7
D. Plaintiff Alleges No Monetary or Economic Injury ..... 9
2. THE COMPLAINT FAILS TO STATE AN FDCPA CLAIM ..... 10
A. Genesis Made No False or Misleading Representation ..... 10
B. Any Alleged Inaccuracy Is Immaterial ..... 12
C. The Holding Deposit Was Expressly Authorized ..... 13
D. The Section 1692f Claim Identifies No Independent Unfair Practice ..... 14
E. A Single Collection Communication Does Not Constitute Harassment ..... 15
F. The Complaint Fails to State a Section 1692e(8) Credit-Reporting Claim ..... 16
VI. CONCLUSION ..... 17

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

## Cases

Afewerki v. Anaya L. Grp., 868 F.3d 771, 775 (9th Cir. 2017) ---------- 12

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ---------- 4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ---------- 4

Bleich v. Revenue Maximization Group, Inc., 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002) ---------- 10

Braver v. Diversified Adjustment Serv., Inc., No. 7:22 CV 9390 (NSR), 2023 WL 8435825, at *4 (S.D.N.Y. Dec. 5, 2023) ---------- 8

Carrera v. Allied Collection Servs., Inc., 743 F. Supp. 3d 1210, 1224 (D. Nev. 2024) ---------- 13

Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009) 14

Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ---------- 4

Chavira v. U.S. Dep't of Education, No. 1:19-cv-00538, 2022 WL 1082568, at *11 (E.D. Cal. Apr. 11, 2022) ---------- 13

Creager v. Columbia Debt Recovery, 618 F. Supp. 3d 1094, 1101 (W.D. Wash. 2022) ---------- 11

Daniel v. Nat'l Park Serv., 891 F.3d 762, 767 (9th Cir. 2018) ---------- 6

Diaz v. Kubler Corp., 785 F.3d 1326, 1328 ---------- 13

Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010) ---------- 5

Edwards v. McCormick, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001) ---------- 14

Fleming v. Pickard, 581 F.3d 922, 924 (9th Cir. 2009) ---------- 4

Gause v. Med. Bus. Consultants, Inc., 424 F. Supp. 3d 1175, 1208 (M.D. Fla. 2019) ---------- 14

Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1061 (9th Cir. 2011) ---------- 5

Grauman v. Equifax Info. Servs., LLC, 549 F. Supp. 3d 285, 291-92 (E.D.N.Y.

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

2021) ---------------------------------------------------------------------------------- 8
Healey v. Trans Union LLC, 2011 WL 1900149 -------------------------------------- 16
Holden v. Holiday Inn Club Vacations Inc., 98 F.4th 1359, 1368-69 (11th Cir. 2024) ----------------------------------------------------------------------------------------- 11
Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) ----------- 4
Knievel v. ESPN, 393 F.3d 1068 (9th Cir. 2005) ----------------------------------------- 4
Leonard v. McMenamins, Inc., 2022 WL 4017674 (W.D. Wash. Sept. 2, 2022) ---- 7
Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)-------------------------------- 6
Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 65 (2d Cir. 2021)8
Manzanarez v. Madera Collection Servs., 722 F. Supp. 3d 1074, 1080 (E.D. Cal. 2024) ---------------------------------------------------------------------------------- 6
Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) ------------------------------------ 4
Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011)--------------------------- 6
Maze v. Midland Credit Mgmt., Inc., 788 F. Supp. 3d 1214, 1221 (N.D. Ala. 2025) ---------------------------------------------------------------------------------------- 15
Opico v. Convergent Outsourcing, Inc., 2021 WL 1611505, at *9 (W.D. Wash. 2021) --------------------------------------------------------------------------------- 13
Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) ------------------------- 5
Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016)--------------------------------------- 5
Stimpson v. Midland Credit Mgmt., Inc., 944 F.3d 1190, 1196 (9th Cir. 2019)------ 5
Taylor v. Midland Credit Mgmt., Inc., No. 1:07-CV-582, 2008 WL 544548, at *3 (W.D. Mich. Feb. 26, 2008) ------------------------------------------------------ 10
Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir. 1997)-----------------------------5, 10
Tourgeman v. Collins Fin. Servs., Inc., 197 F. Supp. 3d 1205, 1208 (S.D. Cal. 2016) ----------------------------------------------------------------------------------------- 9
Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1121 (9th Cir. 2014) ------ 12
TransUnion LLC v. Ramirez, 594 U.S. 413, 434 (2021) -------------------------------- 8

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003)---------------- 5

STATUTES

15 U.S.C. § 1692d--------------------------------------------------------------------------- 15
15 U.S.C. § 1692e---------------------------------------------------------------------10, 11, 16
15 U.S.C. § 1692e, and ------------------------------------------------------------------- 10
15 U.S.C. § 1692e(8) --------------------------------------------------------------------- 16
15 U.S.C. § 1692f(1)---------------------------------------------------------------------- 13
15 U.S.C. §§ 1692d, 1692e, and-------------------------------------------------------- 2

RULES

Rule 12(b)(6)------------------------------------------------------------------------------ 4
Rule 12(c) ---------------------------------------------------------------------------- 3, 4, 5
Rule 56------------------------------------------------------------------------------------- 5

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

## I. INTRODUCTION

Plaintiff Florence Assalit ("Plaintiff") applied to rent an apartment and agreed in writing that her holding deposit would be retained by the landlord. Plaintiff subsequently recovered the holding deposit she paid to the landlord through a chargeback dispute with her bank. Plaintiff then sued Defendant Columbia Debt Recovery, LLC dba Genesis ("Genesis") under the Fair Debt Collection Practices Act ("FDCPA"), claiming that a single e-mail Genesis sent her seeking the amount the landlord claimed she owed and providing the validation she requested violated the law. Defendant moves for judgment on the pleadings on Count I, Plaintiff's sole claim against it, and respectfully requests dismissal with prejudice.

Count I fails at the threshold for lack of Article III standing. Every injury alleged in the Complaint is a bare conclusory assertion unsupported by any concrete fact. Plaintiff never alleges that any lender, landlord, or other third party saw the debt Genesis reported to the consumer reporting agencies (CRAs), and her own allegations demonstrate that she recovered her deposit from her bank and never paid the disputed interest. A plaintiff who pleads only conclusory harm has not been concretely injured, and this Court has no jurisdiction to entertain her claim.

Even if Plaintiff had standing, her claim independently fails on the merits. Plaintiff alleges only that she believes she did not owe the holding deposit. The landlord maintains that she did, and Genesis sought to collect the amount the landlord claimed. The FDCPA forbids false and unfair debt collection, not the accurate communication of a creditor's claim, and a consumer's disagreement about whether she owes a debt is not, without more, a false statement by the collector. Moreover, the rental application Plaintiff signed expressly authorized the landlord to retain the holding deposit.

None of Plaintiff's statutory theories survive. Her false-representation theory fails because an assertion of a contractually grounded debt is not an objectively false

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

assertion; her unauthorized-amount theory fails because the amount was authorized by the agreement that created the debt; her materiality theory fails because any alleged inaccuracy could not have altered how she responded; her freestanding unfair-practices theory fails because it merely duplicates her false-representation theory; her harassment theory fails because a single e-mail is not harassment; and her credit-reporting theory fails because she pleads no false information and no failure to note her dispute.

For these reasons, and those developed below, Count I fails both at the threshold and on the merits. The Court should grant judgment on the pleadings and dismiss Count I with prejudice.

## II. STATEMENT OF ISSUES TO BE DECIDED

**1.** Whether Plaintiff has Article III standing to pursue Count I where the Complaint pleads only conclusory injuries and does not allege that any third party viewed the debt Genesis reported to the consumer reporting agencies.

**2.** Whether the Complaint states a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, and 1692f, where it pleads a disputed, but not objectively false or unauthorized, contractual debt and a single collection communication.

## III. BACKGROUND

Plaintiff's claims concern a debt arising from a deposit for an apartment. (Compl. ¶ 14). As part of her rental application, Plaintiff agreed to written "Certifications" under which, in specified circumstances, Defendant AIR Communities ("AIR" or "Landlord") "shall be entitled to retain the holding deposit to cover Landlord's various costs and expenses of holding such unit for me[.]" **Genesis Decl., Exhibit 1 (Application).**

Plaintiff acknowledges that landlord AIR "alleged that the security deposit was a 'holding fee' and non-refundable after 24 hours of moving in," that she "refused to

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

pay it," and that she "disputed the charge with her bank, who remitted the payment to her." (Compl. ¶ 17). She further alleges (without stating any facts to support her allegation) that she disputed the debt with Genesis "because Plaintiff does not owe COLUMBIA or AIR any money." (Compl. ¶ 20). The unsupported allegation in the Complaint that Plaintiff "does not owe" AIR "any money" is contradicted by the document upon which the Complaint impliedly relies.

According to the Complaint, on or around February 19, 2026, Genesis sent Plaintiff an e-mail (Compl. ¶ 18) that "claimed that the debt it was attempting to collect arose from the security deposit." (Compl. ¶ 19). Plaintiff disputed the account, and on or around April 10, 2026, Genesis responded to Plaintiff's dispute and "asserted that Plaintiff now owed an additional $23.01 of interest." (Compl. ¶ 21). Genesis also reported the debt to the CRAs, including TransUnion, and the agencies "ceased their reporting" after Plaintiff disputed with them. (Compl. ¶ 22).

Consistent with those allegations, the credit-bureau dispute records confirm that Genesis asked the consumer reporting agencies to delete the tradeline in response to Plaintiff's dispute. After Plaintiff disputed the tradeline with TransUnion—a dispute Genesis received on or about March 18, 2026—Genesis responded on April 10, 2026 by directing TransUnion that the account be deleted, and three days later, on April 13, 2026, it submitted a Universal Data Form instructing Equifax, Experian, and TransUnion to delete the account in its entirety. **Genesis Decl., Exhibit 2 (E-OSCAR Data).** Thus, Plaintiff's allegation that the consumer reporting agencies "ceased their reporting" (Compl. ¶ 22) is accurate; Plaintiff just neglected to mention that the tradeline deletion was the direct result of Genesis's request in response to Plaintiff's dispute.

## IV. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is properly granted when "there is no issue of material fact in dispute, and the moving party is entitled to

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming v. Pickard*, 581 F.3d 922, 924 (9th Cir. 2009)). Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6), because under both rules "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.* To survive, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," and the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts the well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor, but it disregards legal conclusions and asks whether the remaining allegations "plausibly give rise to an entitlement to relief." *Id.* at 679.

On a Rule 12(c) motion, the Court may consider documents incorporated into the pleadings by reference without converting the motion into one for summary judgment. Incorporation-by-reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* A court "may assume that [the] contents [of an incorporated document] are true for purposes of a motion to dismiss[.]" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A document "central" to a plaintiff's claim can be incorporated even when it is not referenced explicitly in the Complaint. *Id*. *(citing Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)).

Here, the underlying agreement between Plaintiff and her landlord, pursuant to which the deposit at issue in this litigation was initially paid, is central to Plaintiff's

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

claims. **Genesis Decl. Ex. 1.** Genesis's response to Plaintiff's dispute, and communications with the consumer reporting agencies, are referenced in the Complaint. **Genesis Decl. Ex. 2.** Thus, these documents are appropriately incorporated by reference, and the Court may consider them in connection with Genesis's Rule 12(c) motion without converting the motion into a Rule 56 motion for summary judgment.

Standing is antecedent to the merits, and the Court must assure itself of jurisdiction before addressing the merits. Article III standing "requires a concrete injury even in the context of a statutory violation," and a plaintiff "could not … allege a bare procedural violation, divorced from any concrete harm." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Plaintiff bears the burden of establishing that she has suffered a concrete, particularized injury-in-fact, and a statutory right to sue does not relieve her of it. *Id.*

On the merits, FDCPA liability under § 1692e presents "an issue of law" judged from the perspective of the objective least-sophisticated debtor. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)). That hypothetical debtor "is not unreasonable," "is reasonable and functional" and has a "basic level of understanding and willingness to read with care." *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). Even a representation that is false but immaterial is not actionable. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

## V. ARGUMENT

### *1. Plaintiff Lacks Article III Standing to Pursue Her FDCPA Claim*

Count I fails the threshold standing test. A plaintiff invoking federal jurisdiction must plead a concrete injury-in-fact, because Article III "requires a concrete injury

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

even in the context of a statutory violation." *Spokeo,* 578 U.S. at 341. Plaintiff's claim rests on four categories of asserted harm: conclusory assertions of damages, emotional distress, lost credit access, and economic loss. But the Complaint pleads no concrete facts in support of any of these allegations, and it never alleges that any third party saw or acted on Genesis's reporting of the debt to the CRAs.

### A. The Complaint's Damages Allegations Establish No Concrete Injury

Plaintiff's damages allegations are the kind of bare conclusions that cannot establish injury-in-fact. Because Article III requires a concrete injury even in the context of a statutory violation, a plaintiff "may not 'rely on a bare legal conclusion to assert injury-in-fact.'" *Id.*; *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018) (quoting *Maya v. Centex Corp*., 658 F.3d 1060, 1068 (9th Cir. 2011)). Congress's creation of a statutory cause of action does not relieve a plaintiff of that obligation. *Spokeo*, 578 U.S. at 341. And "conclusory allegations of standing are insufficient." *Manzanarez v. Madera Collection Servs.*, 722 F. Supp. 3d 1074, 1080 (E.D. Cal. 2024) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Complaint offers only labels. It alleges that Plaintiff "suffered harassment and abuse as a result of Defendants' joint debt collection activity," (Compl. ¶ 24), that she suffered "damage by loss of the ability to purchase and benefit from credit," (Compl. ¶ 25), and that she sustained "economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities." (Compl. ¶ 36). No factual allegations accompany these assertions to show a concrete, particularized harm traceable to Genesis.

The Eastern District of California confronted similar allegations in *Manzanarez*, where the court declined to give weight to the plaintiff's "barebones and conclusory allegations that he suffered financial and reputational harm, emotional harm and anxiety, and felt misled and suspicious over the dunning letter."

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

*Manzanarez*, 722 F. Supp. 3d at 1081. The allegations here are no different in kind. Because each pleaded injury is a legal conclusion untethered to concrete facts, none satisfies Article III, and Count I should be dismissed.

**B. The Emotional-Distress Allegation Is Incommensurate with the Alleged Conduct**

Plaintiff's emotional-distress allegation fails for the independent reason that it is perfunctory and out of proportion to the conduct alleged. A "perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." *Manzanarez*, 722 F. Supp. 3d at 1081 (quoting *Leonard v. McMenamins, Inc.*, 2022 WL 4017674 (W.D. Wash. Sept. 2, 2022)). Applying that rule, courts have held that allegations of "stress and anxiety" with "lost sleep" were "insufficient to establish standing." *Id.* (citing *Merced v. Resurgent Capital Services, L.P.*, 2024 WL 1076519 at *3 (S.D.N.Y. Mar. 12, 2024)).

The Complaint here pleads even less. It alleges only "mental and emotional distress" (Compl. ¶ 25) and lists "emotional distress" among Plaintiff's categories of damage (Compl. ¶ 36), with no facts describing the nature, duration, or severity of that distress. The alleged stimulant is minimal: a single collection e-mail and one validation response disclosing $23.01 in accrued interest.

Measured against that slight stimulant, the bare assertion of distress is "wholly incommensurate" as a matter of law. *Manzanarez*, 722 F. Supp. 3d at 1081. The allegation is conclusory and unsupported by any particularized facts. Plaintiff's perfunctory, incommensurate emotional-distress allegation therefore does not supply the concrete injury Article III demands.

**C. Plaintiff Alleges No Third-Party Dissemination of the Tradeline**

Plaintiff's credit-reporting theory fails because she never alleges that anyone saw the reported debt. Under *TransUnion*, a credit-reporting injury is analogized to

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

defamation, for which "[p]ublication is 'essential to liability,'" so "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021). The Supreme Court drew the line explicitly: class members whose reports "were not provided to third-party businesses did not suffer a concrete harm and thus do not have standing as to the reasonable-procedures claim." *Id.* at 442.

District courts apply that rule to FDCPA credit-reporting claims. In *Manzanarez*, the court dismissed for lack of standing because the plaintiff "fail[ed] to allege that Defendant disseminated his negative credit report, or if it did, to whom or how." *Manzanarez*, 722 F. Supp. 3d at 1081. "Short of an individual or entity viewing the negative credit reporting, Plaintiff cannot claim that he suffered a concrete injury." *Id.* (citing *Braver v. Diversified Adjustment Serv., Inc.*, No. 7:22 CV 9390 (NSR), 2023 WL 8435825, at *4 (S.D.N.Y. Dec. 5, 2023)).

"A negative credit reporting in and of itself cannot form the basis of Article III standing." *Braver*, 2023 WL 8435825, at *4 (citing *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) ("*Maddox II*")). The Second Circuit held that the fact that a creditor may access an inaccurate mortgage record is a "nebulous risk of future harm" that, if not materialized, cannot form the basis of Article III standing. *Maddox II*, 19 F.4th at 65; *see also Grauman v. Equifax Info. Servs., LLC*, 549 F. Supp. 3d 285, 291-92 (E.D.N.Y. 2021) (improper notation on plaintiff's credit report and resulting drop in credit score insufficient to establish a concrete reputational injury). Short of alleging that an individual or entity viewed the negative credit reporting, Plaintiff cannot claim that she suffered a concrete injury. *Maddox II*, 19 F.4th at 65 (no concrete injury where, although an inaccurate record was available for public viewing, it was not evident that anyone actually viewed it).

The Complaint alleges only that Genesis "reported the debt to Credit Reporting Agencies, including but not limited to Trans Union, LLC," and that after Plaintiff

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

"disputed with the Credit Reporting Agencies," they "in turn ceased their reporting." (Compl. ¶ 22). Plaintiff comes closest in Paragraph 23, which alleges on information and belief that "any third party who would view Plaintiff's credit report before the debts were removed would be misled to believe that Plaintiff was a poor borrower." (Compl. ¶ 23). But that pleads a hypothetical viewer, not an actual one — precisely the "nebulous risk of future harm" Maddox II holds insufficient. Conspicuously absent is any allegation that a lender, landlord, employer, or other third party ever requested, received, or viewed the tradeline before it was removed. And the dispute-response records confirm the tradeline was in fact promptly deleted, leaving no lasting entry any third party could later view. **Genesis Decl. Ex. 2.**

**D. Plaintiff Alleges No Monetary or Economic Injury**

Plaintiff's remaining theory of "economic loss" fares no better, because the Complaint pleads no actual monetary harm. "[M]erely asserting a statutory violation that results in no actual injury is not sufficient to confer Article III standing"; a plaintiff "needs to do more than just point to a statutory violation, he needs to show an actual injury." *Tourgeman v. Collins Fin. Servs., Inc.*, 197 F. Supp. 3d 1205, 1208 (S.D. Cal. 2016). A "bare allegation of a statutory violation … does not satisfy the Article III requirement that a plaintiff demonstrate actual harm to establish standing." *Id.*

The Complaint's own allegations negate any monetary loss. Plaintiff alleges that she "disputed the charge with her bank, who remitted the payment to her," meaning she recovered the deposit and is not out of pocket any amount. (Compl. ¶ 17). The abstract label "economic loss" (Compl. ¶ 36) is precisely the kind of unsupported assertion that a bare statutory violation cannot convert into concrete harm. Because Plaintiff recovered her deposit (Compl. ¶ 17) and does not allege that she ever paid the asserted interest (Compl. ¶ 21), the Complaint pleads no actual monetary loss. Taken together with the conclusory, emotional-distress, and credit-

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

reporting theories addressed above, the Complaint identifies no concrete, particularized harm of any kind. The Court accordingly lacks jurisdiction over Count I and should dismiss it.

***2. The Complaint Fails to State an FDCPA Claim***

Even if Plaintiff had standing, Count I also fails to state a claim against Genesis on the merits.

**A. Genesis Made No False or Misleading Representation**

The Section 1692e theory fails at the threshold because the Complaint pleads a disputed debt, not an objectively false statement. Section 1692e bars a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and whether a communication crosses that line "is an issue of law" judged under the objective least-sophisticated-debtor standard. *Gonzales,* 660 F.3d at 1061 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)). The least-sophisticated debtor "is reasonable and functional," and so is not misled by a statement that accurately conveys a creditor's position. *Stimpson*, 944 F.3d at 1196 (citing *Turner*, 330 F.3d at 995, and *Rosenau*, 539 F.3d at 221).

A statement is not "false" under Section 1692e merely because the consumer disputes the underlying obligation. A debtor's bare "assertion that [s]he is being pursued for a debt [s]he does not owe is not sufficient in and of itself to make out a claim of false or misleading representations under § 1692e." *Taylor v. Midland Credit Mgmt., Inc.*, No. 1:07-CV-582, 2008 WL 544548, at *3 (W.D. Mich. Feb. 26, 2008). The "allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt." *Bleich v. Revenue Maximization Group, Inc.,* 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002). Several circuits have adopted a closely analogous accuracy principle in the Fair Credit Reporting Act context, holding that an actionable

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

inaccuracy must be "objectively and readily verifiable" and that information "not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer" is not actionable. *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368-69 (11th Cir. 2024).

Plaintiff asserts that AIR "alleged that the security deposit was a 'holding fee' and non-refundable after 24 hours of moving in," that she "refused to pay it," and that she "disputed the charge with her bank, who remitted the payment to her." (Compl. ¶ 17). She alleges she "disputed the debt with COLUMBIA because Plaintiff does not owe COLUMBIA or AIR any money"—her own contrary view of the obligation. (Compl. ¶ 20). Genesis's e-mail, in turn, "claimed that the debt it was attempting to collect arose from the security deposit." (Compl. ¶ 19). The rental-application Certifications confirm a facially valid contractual basis for that position, entitling the landlord to "retain the holding deposit to cover Landlord's various costs and expenses of holding such unit for me." **Genesis Decl. Ex. 1.**

Plaintiff may cite to *Creager v. Columbia Debt Recovery* to somehow support her claims in this matter. In *Creager*, a court found a Section 1692e violation, but only because the collector "d[id] not dispute that the amount it sought to collect was inflated by $1,250 … on account of Plaintiff's security deposit having been unlawfully forfeited" in violation of Washington's Residential Landlord-Tenant Act. *Creager v. Columbia Debt Recovery*, 618 F. Supp. 3d 1094, 1101 (W.D. Wash. 2022). There the mistake was objective and conceded. Here, by contrast, there is no allegation that a statute renders the holding deposit unlawfully retained, the agreement expressly authorizes its retention, and Plaintiff pleads only her disagreement rather than an admitted or verifiable overcharge.

Because the Complaint alleges no objectively false representation, Count I fails to state a claim under Section 1692e and its Section 1692e(2)(A), 1692e(2)(B), and 1692e(10) variants, each of which likewise requires falsity. 15 U.S.C. § 1692e. The

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

Section 1692e(2)(B) allegation fails for the further reason that the Complaint pleads no representation by Genesis about "services rendered or compensation" at all; Paragraph 31 recites the statutory text and stops. (Compl. ¶ 31).

**B. Any Alleged Inaccuracy Is Immaterial**

Even assuming some inaccuracy in Genesis's representations about the account, the Complaint fails to plead a material one. The lack of materiality is an independent defect fatal to the Section 1692e and Section 1692f theories. The Ninth Circuit holds that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f," a materiality requirement it has described as "a corollary" to the least-sophisticated-debtor standard. *Donohue,* 592 F.3d at 1033; *see also Afewerki v. Anaya L. Grp.*, 868 F.3d 771, 775 (9th Cir. 2017). The inquiry targets "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response," not "mere technical falsehoods that mislead no one." *Donohue*, 592 F.3d at 1034.

A statement is material where it "could easily cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014). Immaterial statements, by contrast, are those "literally false, but meaningful only to the 'hypertechnical' reader." *Afewerki*, 868 F.3d at 776 (quoting *Tourgeman*, 755 F.3d at 1121). The practical question is whether the communication would have changed how the consumer responded. *Donohue*, 592 F.3d at 1034.

Nothing Genesis is alleged to have said meets that standard. By the Complaint's own account, Plaintiff already knew of the deposit charge (she "refused to pay it and disputed the charge with her bank, who remitted the payment to her") before Genesis ever contacted her. The only communications alleged are a single e-mail and a response disclosing "an additional $23.01 of interest." As in *Donohue*, where a

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

mislabeled charge "did not undermine [the debtor's] ability to intelligently choose her action concerning her debt," nothing here could have altered Plaintiff's course. *Donohue*, 592 F.3d at 1034. The absence of any material misrepresentation independently defeats Count I.

**C. The Holding Deposit Was Expressly Authorized**

Plaintiff's Section 1692f(1) claim fails because the amount Genesis sought was authorized by the agreement that created the debt. Section 1692f(1) bars collecting "any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The Ninth Circuit reads that exception straightforwardly: "[a] debt collector does not violate this provision if the amounts it seeks are authorized by" the agreement or applicable law, and no prior judgment is required to make an amount "permitted by law." *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1328, 1330 (9th Cir. 2015) ("[T]he attempt to seek prejudgment interest in the collection letter was 'permitted by law,' and did not cross 15 U.S.C. § 1692f(1) or the Rosenthal Act.").

The provision reaches only the "abusive practice of 'collecting an amount greater than that which is owing,'" not the collection of a debt the consumer simply disputes. *Carrera v. Allied Collection Servs., Inc.*, 743 F. Supp. 3d 1210, 1224 (D. Nev. 2024) (quoting *Opico v. Convergent Outsourcing, Inc.*, 2021 WL 1611505, at *9 (W.D. Wash. 2021)). Where the consumer "does not dispute or assert that the amount [the collector] sought to collect was greater than that authorized by the underlying debt agreement," § 1692f(1) "is inapplicable." *Carrera*, 743 F. Supp. 3d at 1225 (citing *Chavira v. U.S. Dep't of Education*, No. 1:19-cv-00538, 2022 WL 1082568, at *11 (E.D. Cal. Apr. 11, 2022)).

The rental-application Certifications supply the express authorization the statute requires. Plaintiff agreed in writing that "Landlord shall be entitled to retain the holding deposit to cover Landlord's various costs and expenses of holding such

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

unit for me," and Plaintiff agreed that the retained amount is "a reasonable estimate of the actual costs to Landlord to hold the unit." **Genesis Decl. Ex. 1.** The Complaint does not allege that Genesis sought more than the deposit-based debt and "an additional $23.01 of interest" incidental to it. Because the amount sought is the amount the agreement creating the debt expressly authorizes, Section 1692f(1) is not implicated.

### D. The Section 1692f Claim Identifies No Independent Unfair Practice

To the extent Plaintiff presses a freestanding Section 1692f claim, it duplicates her Section 1692e theory and should be dismissed. Section 1692f serves "a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d [and] 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001). A Section 1692f claim is therefore "deficient if it 'does not identify any misconduct beyond that which [the plaintiff] asserts violate[s] other provisions of the FDCPA.'" *Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1208 (M.D. Fla. 2019) (quoting *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009)).

Where a Section 1692f claim rests "on the same misconduct [the plaintiff] alleges violates [section] 1692e," and the complaint "fail[s] to specifically identify how [the] conduct was also unfair or unconscionable under [section 1692f]," dismissal "is warranted." *Id.* Plaintiff's Section 1692f allegation is a bare recital that Genesis used "unfair or unconscionable means to collect or attempt to collect any debt." (Compl. ¶ 34). It rests on the same collection e-mail, interest disclosure, and credit reporting that underlie her Section 1692e theory. Plaintiff's closest attempt is her allegation, on information and belief, that the reporting "was not legitimate credit reporting activity" but "an unfair effort to inflict reputational damage against Plaintiff to coerce her towards cooperating with its unlawful debt collection activity." (Compl. ¶ 23). That is a characterization of the very reporting conduct her Section 1692e(8)

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

theory already targets (Compl. ¶ 32), not a separate practice, and it is pleaded on information and belief without a single supporting fact. Because the Complaint identifies no distinct unfair or unconscionable practice beyond conduct already addressed by Section 1692e, the general Section 1692f count adds nothing. The Section 1692f count should therefore be dismissed.

### E. A Single Collection Communication Does Not Constitute Harassment

The Section 1692d harassment theory fails because a single collection e-mail and one dispute response, containing no abusive content, cannot as a matter of law be conduct whose "natural consequence" is to harass, oppress, or abuse. Section 1692d prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Harassment, oppression, or abuse are not natural consequences of sending a single letter to a person's home, absent something in the letter that would harass," and the conduct "must manifest a tone of intimidation." *Maze v. Midland Credit Mgmt., Inc.*, 788 F. Supp. 3d 1214, 1221 (N.D. Ala. 2025) (citation modified).

The Complaint alleges only two communications by Genesis: an e-mail on or around February 19, 2026, and a response to Plaintiff's dispute on or around April 10, 2026. Plaintiff identifies no threatening or abusive language and no repeated contact; her Section 1692d allegation merely parrots the statute. As in *Maze*, where a single, non-intimidating letter was dismissed at the pleading stage, the isolated and neutral communications alleged here do not manifest the intimidation Section 1692d requires. Because neither the volume nor the character of the alleged conduct approaches harassment, the Section 1692d theory fails as a matter of law.

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

**F. The Complaint Fails to State a Section 1692e(8) Credit-Reporting Claim**

Plaintiff's Section 1692e(8) credit-reporting theory fails for lack of pleaded falsity, knowledge, and any post-dispute omission. Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Unlike other Section 1692e subsections, it "requires the plaintiff to show that the defendant knew or should have known that the information was false." *Creager,* 618 F. Supp. 3d at 1102 (quoting *Healey v. Trans Union LLC*, 2011 WL 1900149, at *9 (W.D. Wash. 2011) ("although the FDCPA is generally a strict liability statute, Congress expressly required elements of knowledge and intent where it deemed them necessary")).

The Complaint does not satisfy this requirement. It pleads no facts suggesting Genesis knew or should have known any reported information was false. In any case, the dispute-response records confirm the point: rather than communicate information it knew to be false or fail to note the dispute, Genesis directed the consumer reporting agencies to delete the account outright after Plaintiff disputed it—the opposite of a Section 1692e(8) violation. **Genesis Decl. Ex. 2.**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

## VI. CONCLUSION

For the foregoing reasons, Defendant Columbia Debt Recovery, LLC d/b/a Genesis respectfully requests that the Court grant judgment on the pleadings under Rule 12(c) and dismiss Count I of the Complaint against Genesis with prejudice.

Dated: September 24, 2026

**YU | MOHANDESI LLP**

By: */s/ Brett B. Goodman*
Brett B. Goodman
Attorney for Defendant
Columbia Debt Recovery, LLC
dba Genesis

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

## CERTIFICATE OF SERVICE

I certify that on September 24, 2026, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: September 24, 2026

By: */s/ Brett B. Goodman*
Brett B. Goodman