**YU | MOHANDESI, LLP**

**Brett B. Goodman** (SBN 260899)
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
858.757.7262 Direct
213.377.5501 Facsimile
bgoodman@yumollp.com

Attorney for Defendant
Columbia Debt Recovery, LLC
dba Genesis

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLORENCE ASSALIT,<br><br>Plaintiff,<br><br>vs.<br><br>AIR COMMUNICITIES; COLUMBIA DEBT RECOVERY, LLC DBA GENESIS,<br><br>Defendants. | CASE NO.: 5:26-cv-05305-EKL<br><br>**DEFENDANT COLUMBIA DEBT RECOVERY LLC DBA GENESIS'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: December 16, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 7<br>280 South 1st Street<br>San Jose, CA 95113<br><br>Assigned to Hon. Eumi K. Lee |

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

**INTRODUCTION**

Plaintiff's Opposition fails to respond to any of the arguments in Genesis's Motion establishing that Plaintiff's claims must fail on the merits. (ECF No. 24-1 ("Mot.") § II). The Opposition argues instead that (1) Plaintiff has standing under *Six v. IQ Data International, Inc.*, 129 F.4th 630 (9th Cir. 2025); (2) Genesis's Answer creates fact disputes; and (3) the Motion relies on matters outside the pleadings. (ECF No. 26 ("Opp.")). None of these arguments save Plaintiff's claims against Genesis from dismissal for the following reasons:

1. The *Six* case involved a § 1692c(a)(2) claim, which Plaintiff does not assert;
2. Factual denials by Genesis in the Answer are irrelevant because the present Motion takes the allegations in the Complaint as true; and,
3. Plaintiff's objection to the Court considering the documents on which her claim rests to determine the present motion cannot be squared with the law, or with Plaintiff's opposition to AIR's motion, in which she incorporates the same documents by reference, relies on Genesis's declaration, and describes the $1,000 at issue as a "holding fee" for a unit she "applied to rent." (ECF No. 27 at 3, 10).

This Motion for Judgment on the Pleadings succeeds upon consideration of the pleading in this matter only alone without considering any extrinsic documents. Thus, the Court should grant the Motion and dismiss Count I with prejudice.

**ARGUMENT**

**I. Plaintiff Does Not Defend Count I on the Merits**

A plaintiff who does not respond to an argument for dismissal abandons the claim to which the argument is directed. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff "abandoned" claims "by not raising them in opposition"); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008). The Opposition

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

fails to respond to the following arguments asserted in Genesis' motion for judgment on the pleadings, each of which rests squarely on the Complaint's own allegations:

| Ground for dismissal (Mot. § II) | Complaint allegations relied on | Response in Opposition |
|---|---|---|
| No false representation (§§ 1692e, 1692e(2)(A), 1692e(10)) (§ II.A) | ¶¶ 17, 19–20, 29–30, 33 | None |
| No representation regarding services or compensation (§ 1692e(2)(B)) (§ II.A) | ¶ 31 | None |
| Immateriality (§ II.B) | ¶¶ 17–21 | None |
| Amount authorized by the agreement creating the debt (§ 1692f(1)) (§ II.C) | ¶¶ 17, 21, 35 | None |
| No unfair practice independent of § 1692e (§ 1692f) (§ II.D) | ¶¶ 23, 34 | None |
| Two neutral communications are not harassment (§ 1692d) (§ II.E) | ¶¶ 18, 21, 28 | None |
| No falsity, knowledge, or failure to note dispute (§ 1692e(8)) (§ II.F) | ¶¶ 22, 32 | None |

## II. The Motion Is Properly Decided on the Pleadings

### A. Plaintiff's Own Filings Confirm That the Court May Consider the Documents on Which Her Claim Rests

Plaintiff argues that the Court may not consider the Declaration of Susanna Dodd (ECF No. 24-2) or its exhibits. (Opp. at 5–8). Plaintiff takes the opposite position when it suits her. In opposing AIR's motion to dismiss, Plaintiff argues that the Court "may also consider a document incorporated by reference," including one

that "forms the basis of the plaintiff's claim," and that Genesis's February 19, 2026 e-mail is such a document because "[t]he Complaint pleads its substance; the claim rests on it." (ECF No. 27 at 3). She places that e-mail before the Court as an exhibit to her own declaration. (*Id.* (citing Assalit Decl. Ex. A)). And she cites the very declaration she asks the Court to disregard here as support for her proposed amended allegations. (*Id.* at 10 (citing ECF No. 24-2 ¶¶ 2, 4)).

**B. Genesis's Answer Creates No Dispute of Material Fact**

Plaintiff contends that Genesis's responses to Paragraphs 18 and 19 of the Complaint create a factual dispute that precludes judgment. (Opp. at 5). That misapprehends the Rule 12(c) standard. The question is whether the Complaint's allegations, "taken as true," entitle Plaintiff to relief. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Motion accepts Paragraphs 18 and 19 as pleaded—that Genesis sent Plaintiff an e-mail on or about February 19, 2026 seeking to collect a debt arising from the deposit. Moreover, Genesis's responses in the Answer to Paragraphs 18 and 19 simply point out that the allegations refer to written documents and deny the allegations only "to the extent" inconsistent with the underlying document. (ECF No. 11 ¶¶ 18–19). Genesis elsewhere admits the collection attempt, the dispute, and the credit reporting. (*Id.* ¶¶ 14, 20, 22).

Plaintiff's reliance on *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), is likewise misplaced. There, the *plaintiff* moved for judgment on the pleadings, and the court explained that "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery," and that a defendant's affirmative defense "will usually bar judgment on the pleadings." *Id.* Here, the movant is the defendant, and the Motion presses defenses Genesis's Answer

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

expressly preserved—failure to state a claim and lack of a concrete injury—both of which may be raised by a Rule 12(c) motion.

**C. The Genesis Exhibits Are Properly Before the Court**

A document not attached to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiff's own authority permits such incorporation by reference where the complaint "necessarily relies upon" the document, its "authenticity is not in question," and "there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Plaintiff does not question the authenticity of either exhibit.

Exhibit 1 forms the basis of Count I. Plaintiff's § 1692e and § 1692f theories rest on the allegation that she "does not owe COLUMBIA or AIR any money" (Compl. ¶ 20), and the Complaint itself pleads AIR's contrary position that the deposit was a "holding fee" that became non-refundable (*id.* ¶ 17). Whether Genesis misrepresented the debt depends on the terms under which the deposit was paid. Those terms provide that the "Landlord shall be entitled to retain the holding deposit to cover Landlord's various costs and expenses of holding such unit," which Plaintiff agreed was "a reasonable estimate of the actual costs to Landlord to hold the unit for my occupancy," and Plaintiff further represented that she did "not believe the amount of this holding deposit is an unfair business practice." (ECF No. 24-2, Ex. 1 at 7). Exhibit 1 is not, as Plaintiff suggests, a document that "merely creates a defense." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). It is the source of the very obligation whose existence Plaintiff's claim puts at issue. Considering it is precisely what the doctrine is for: it "prevents plaintiffs from

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

Exhibit 2 is the record of Genesis's response to Plaintiff's TransUnion dispute and its instruction that the tradeline be deleted. (ECF No. 24-2 ¶ 5). Exhibit 2 is entirely consistent with, and simply provides the documentary basis for, the allegation in the Complaint itself that the consumer reporting agencies "ceased their reporting" after Plaintiff's dispute (Compl. ¶ 22). However, the Court need not consider Exhibit 2 to resolve the credit-reporting arguments. Every argument the Motion makes regarding credit reporting follows from the allegation that Genesis ceased reporting on the account and from the absence of any allegation that a third party viewed the tradeline.

**D. Even If the Court Excludes the Exhibits, It Can Decide the Motion on the Complaint**

Rule 12(d) requires conversion to a motion for summary judgment only when matters outside the pleadings "are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). If the Court has any doubt about the exhibits, it should exclude them and decide the Motion on the Complaint: as the table in Part I herein shows, every ground for dismissal rests on the Complaint's own allegations.

Plaintiff's alternative request that the Motion be converted and "held in abeyance until the parties have completed discovery" (Opp. at 8) should be rejected. A party seeking discovery to oppose summary judgment must show by declaration the specific facts she hopes to elicit and that those facts would preclude judgment. Fed. R. Civ. P. 56(d); *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (construing former Rule 56(f)). Plaintiff offers no declaration and identifies no such facts. Her request is especially untenable because the defects here are pleading defects: Rule 8 "does not unlock the doors of discovery

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**III. Plaintiff Has Not Alleged a Concrete Injury**

**A. *Six* Does Not Apply to Plaintiff's Claims**

Plaintiff's standing argument rests on *Six*, which addressed a different provision and a different harm. There, the plaintiff's counsel notified the collector that Six was represented and that all correspondence should be sent to counsel; the collector nonetheless wrote to Six directly. 129 F.4th at 632. The Ninth Circuit held that "an individual who receives a letter in violation of § 1692c(a)(2) has standing," reasoning that the unwanted communication bore a close relationship to the common-law tort of intrusion upon seclusion and that "receipt of the letter in alleged violation of § 1692c(a)(2) inherently violated Six's privacy." *Id.* at 632, 634–35. The Opposition quotes that reasoning (Opp. at 4), and then extends it by inserting a bracketed "[or call]" into the Court's language to suggest that receipt of any collection communication confers standing. (*Id.*). *Six* holds no such thing.

Plaintiff does not assert a Section 1692c claim. Her theories are that Genesis misrepresented the debt, used unfair means, harassed her, and reported false credit information. (Compl. ¶¶ 28–35). The common-law analogues for those theories—misrepresentation and defamation—require reliance and detriment, or publication to a third party. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021) (publication is "essential to liability" in a suit for defamation (citation omitted)); *Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544, 546 (9th Cir. 2020) (unpublished) ("Statements that induce no reliance do not impede a consumer's ability to intelligently respond to a debt collector."). Applying that framework, the Ninth Circuit has recognized that "not every misleading statement in a debt collection letter necessarily threatens the recipient's concrete interests," and has ordered dismissal of Section 1692e claims where the plaintiff alleged no action taken or forgone because





YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

of the challenged statements. *Adams*, 836 F. App'x at 546–47. Plaintiff alleges no such action. She had recovered the deposit before Genesis ever contacted her. (Compl. ¶ 17).

**B. Plaintiff Does Not Dispute That No Third Party Saw the Tradeline and That She Lost No Money**

The Opposition ignores *TransUnion*, *Manzanarez*, and *Maddox*. It does not dispute that the Complaint never alleges that any third party viewed the tradeline before reporting ceased, that Plaintiff recovered the deposit, or that she never alleges paying the $23.01 in interest. (Compl. ¶¶ 17, 21–23).

What remains are the allegations Plaintiff quotes: that she "suffered harassment and abuse" because harassment is "the natural consequence[] of debt collection activity regarding debts which a person does not owe" [Compl. ¶ 24], and that she suffered emotional distress and "economic loss" [*id.* ¶¶ 25, 36]. (Opp. at 4). The first simply restates the text of Section 1692d; the other allegations are conclusory labels. A plaintiff "may not rely on a bare legal conclusion to assert injury-in-fact." *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)). *Lujan*'s acceptance of "general factual allegations" [Opp. at 3] presupposes facts, and *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142–43 (9th Cir. 2024), addressed a factual jurisdictional attack, not a facial one like this. *Id.* (explaining that factual attack on jurisdiction contests the truth of the plaintiff's factual allegations whereas facial attack accepts the truth of the allegations but asserts that they are insufficient on their face to invoke federal jurisdiction).

**IV. Amendment Would Be Futile as to Genesis**

Plaintiff does not seek leave to amend her claim against Genesis. But because she has proffered additional allegations in opposing AIR's motion [ECF No. 27 at 10–

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

11], Genesis addresses them. None of the proffered allegations would cure the defects in Count I.

*First*, the proffered allegations add nothing regarding injury. Plaintiff proposes to allege the dates of her payment and AIR's refusal, AIR's placement of the account, the interest Genesis calculated, and Genesis's credit reporting. (*Id.*). She does not propose to allege that any third party viewed the tradeline, that she was denied credit, that she paid anything, or that she took or forwent any action because of anything Genesis said.

*Second*, the proffered allegations confirm that Count I fails on the merits. They establish that Plaintiff paid a $1,000 "holding fee" for a unit she "applied to rent," and that AIR took the position in writing that the fee was "non-refundable after 24 hours of holding the apartment." (*Id.* at 10). That is a creditor's contractually grounded claim, which a collector does not misrepresent by conveying it. (*See* Mot. § II.A). And the proffered 7% interest on a sum certain is interest "permitted by law." *See Diaz v. Kubler Corp.*, 785 F.3d 1326, 1328–30 (9th Cir. 2015). Judgment in Genesis's favor should be granted without leave to amend.

**V. Any Amended Pleading Should Not Moot This Fully Briefed Motion**

Plaintiff seeks leave to amend only as to AIR [ECF No. 27 at 9–11], and because Genesis has answered, any amendment of Count I requires Genesis's written consent or leave of court. Fed. R. Civ. P. 15(a)(1)(B), (a)(2). If the Court grants AIR's motion with leave to amend, Genesis requests that the Court still resolve this fully briefed Motion as to Count I [*see* Part IV] or, if an amended pleading is filed first, that the Court treat the Motion as directed to the amended pleading to the extent the same defects remain, and permit the parties to file short supplemental briefs, not to exceed five pages, limited to any new allegations. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020) (district court may "evaluat[e] the motion in light of the facts alleged in the amended complaint").

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

## CONCLUSION

For these reasons and those stated in the Motion, Genesis respectfully requests that the Court grant its Motion for Judgment on the Pleadings and dismiss Count I with prejudice.

Dated: October 21, 2026

**YU | MOHANDESI LLP**

By: */s/ Brett B. Goodman*
Brett B. Goodman
Attorney for Defendant
Columbia Debt Recovery, LLC
dba Genesis

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

YU | MOHANDESI, LLP
633 W 5th St, #2800
Los Angeles, CA 90071

## CERTIFICATE OF SERVICE

I certify that on October 21, 2026, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: October 21. 2026

By: */s/ Brett B. Goodman*
Brett B. Goodman